[No. 5411.]
[No. 3068 C. A.]

## The Denver Engineering Works Company
### v. Newman.

1. **Apprentices—Contracts—Construction.**

A contract between an apprentice and a master, provided for 30 days on trial without pay, for 300 days' work of 10 hours each to constitute one year, for compensation per day of 10 hours for a period of four years, for an additional compensation upon satisfactory completion of service. Held, that such apprentice should work 300 days of 10 hours each during the year, and that, if he was at the place of business of the master ready and willing to perform the labor during each of the years, he

27

complied with his part of the contract, whether the master furnished work for him to do or' not; and that, if the apprentice was at the master's shops for four years and two months, there was ample time for him to perform the number of hours of labor agreed on.—P. 421.

2.  **Same—Action for Breach of Covenant — Evidence — Instructions.**

Where, in an action by an apprentice for a certain sum to be paid to him upon the completion of his apprenticeship, the master claimed that an increase in the wages allowed the apprentice in excess of the wages fixed by the written contract was to be taken in lieu of the specified sum, an instruction that oral agreements might be made between the parties subsequent to the execution of the written agreement, and that, where oral agreements were entered into, the written agreement would to that extent be modified, was not prejudicial to the master.—P. 422.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Rice W. Means, Judge.*

Action by Charles Newman against The Denver Engineering Works Company. From a judgment for plaintiff in the county court on appeal from a similar judgment in the justice of the peace court, defendant appeals.                    *Affirmed.*

Messrs. PITKIN & MOORE, for appellant.

Mr. T. WEBSTER HOYT, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

There is practically no dispute as to the facts in this case, which appear from the record to be as follows:

At the age of sixteen, the appellee, who was plaintiff below, acting through his father, entered into the following contract with the defendant:

"Agreement made and entered into this first day of May, 1899, between Charles Newman, apprentice, and The Denver Engineering Works Co.

"30 days on trial without pay.

"300 days' work of 10 hours each to constitute one year, the pay to be as follows:

"65 cents per day of 10 hours the first year;

"90 cents per day of 10 hours the second year;

"$1.15 per day of 10 hours the third year;

"$1.65 per day of 10 hours the fourth year.

"Each apprentice to attend evening class (in his own time) for the study of drawing or mathematics, at the expense of The Denver Engineering Works Co., not less than sixty evenings, at such periods of apprenticeship as may be designated by them or their representative, for which attendance he will be required to show a teacher's certificate.

"Should apprentice be insolent, inattentive, indolent, or, on fair trial, proves incapable of becoming a creditable mechanic, he shall be subject to dismissal at any time with the approval of the manager or other in charge at the time being.

"The Denver Engineering Works Co. will undertake that each apprentice shall have as full an opportunity as is practical of learning each and every branch of trade to which he may be apprenticed, as practiced in their shops and works.

"If the apprentice serves his full time and makes good use of his opportunities, The Denver Engineering Works Co. will present him with one hundred dollars ($100) at the expiration of his apprenticeship.

"Signed:

"THE DENVER ENGINEERING WORKS CO.

"FRANK E. SHEPARD,
"Superintendent.

"Accepted: A. P. NEWMAN, Parent.
"CHAS. NEWMAN, Apprentice."

Under this contract, plaintiff commenced work upon the first day of May, 1899. With the exception of one month, when he was "laid off" by the defendant, he continued to work until the 28th of September, 1903, making a period of four years, four months and twenty-seven days. If we deduct the thirty days during which he was taken upon trial without pay and the thirty days that he was laid off, it leaves four years, two months and twenty-seven days. Upon the 28th of September, 1903, defendant's foreman informed plaintiff that his time had expired. In accordance with the contract, plaintiff was paid, during the first year, 65 cents a day, the second year 90 cents, the third year $1.15 a day for about one-half of the period, at which time defendant increased his wages to $1.30. During the fourth year, he was paid $2.00 per day instead of $1.65. Plaintiff attended school as he agreed, and received a certificate from the teacher. The increase in his wages was made by the defendant voluntarily and without solicitation upon the part of plaintiff.

Shortly after plaintiff quit work, he spoke to the superintendent of defendant concerning the payment of the one hundred dollars alluded to in the last paragraph of the contract, which was to be his at the expiration of his apprenticeship. The superintendent informed him that he was not entitled to the one hundred dollars, because he had been paid more than the contract called for. In a subsequent conversation between plaintiff and defendant's superintendent, the latter informed plaintiff that a mistake had been made about his time having expired. It was the contention of defendant that the plaintiff had agreed to work for defendant 12,300 hours, and that, as a matter of fact, he had only worked 11,539½ hours, or 760½ hours less than the time called for by the contract.

Plaintiff, still acting through his father as his next friend, then instituted this action in the justice court to recover the one hundred dollars. He obtained a judgment there; defendant appealed to the county court, where the matter was tried to a jury and a verdict and judgment again rendered in favor of plaintiff. To reverse that judgment, defendant took this appeal.

There is no dispute as to the number of hours of labor performed by the plaintiff. It also appears, from the admissions of the officers of defendant, that plaintiff performed all of the labor required of him during this period.

At the close of the testimony, defendant requested the court to instruct the jury to return a verdict for the defendant. This request was denied, and such denial is assigned as error. Thus the contract is presented for construction.

If the defendant's construction of it is correct, namely, that plaintiff agreed to perform 12,300 hours of labor, irrespective of the period which the defendant would require plaintiff to work for it in order to perform this labor, then the judgment must be reversed. Defendant says that the term was not divided into calendar years, but that 3,000 hours' labor was to constitute a year's work, and this irrespective of the time which defendant might take in supplying this labor. If this construction of the contract be correct, then the defendant, by limiting the number of hours which plaintiff might work each year, could compel him to remain in its employment an indefinite term before he would be entitled to the one hundred dollars. We do not so read the contract. It provides that 300 days' work of ten hours each shall constitute one year. This means that the apprentice could be required to work 300 days of ten hours each during the year, and if he was at the

place of business of the defendant, ready and willing to perform the labor during each of these years, he then complied with his part of the contract, irrespective of the fact as to whether or not the employer had furnished the work for him to do. So, when the employer admits, as it does in this case, that plaintiff performed all of the work required of him, it admits that he complied with the contract.

Plaintiff was at defendant's shops for four years and two months, which was ample time to perform the number of hours of labor agreed upon. If the defendant company, under this contract, could arbitrarily extend the time of the apprenticeship for an indefinite period by failing to furnish the work to be done, it would be unreasonable, and the apprentice would find himself in much the same position that Jacob did at the time he was endeavoring to take his Uncle Laban's youngest daughter to wife. The court committed no error in refusing to direct a verdict for the defendant.

Defendant requested the court to instruct the jury as follows:

"If you believe from the evidence that, at the time plaintiff left defendant's employ his time as an apprentice had not expired, but that he had been told by defendant's foreman that his time had expired, and if you believe from the evidence that said foreman made such statement through an honest mistake of fact and that later, shortly after said mistake was discovered, the defendant company offered to reinstate the plaintiff as an apprentice and to pay him on the basis of the wages called for by the contract until the expiration of his apprenticeship, and then pay him the $100.00, as provided in the contract, and that the plaintiff did not see fit to accept this offer, your verdict should be for the defendant."

The court declined to give this instruction, but did give the following one:

"You are instructed that the contract in evidence, the validity of which is admitted by both parties— the only question for you to consider is, was the terms of this contract, or subsequent oral contracts, if you find from the evidence that there were any, have been, in general words, lived up to by the plaintiff? You are instructed that oral agreements may be made between the parties who have entered into a written agreement, to be made subsequent to and may take the place of the written agreement. If there were oral agreements between the parties entered into subsequent to the entering into of this written agreement, such oral agreements would modify and take the place of this written agreement so far as they were intended to by the contract. If you find from the contracts, both written and oral, if any there be, that the plaintiff herein has, in each particular, served his full time and made good use of his opportunities, you will find for the plaintiff in the sum asked. If you find that there was a subsequent oral agreement wherein the plaintiff was to receive a greater amount of money than that alleged in the written contract, such sum being given as a new contract and with an agreement by and between the parties named, and the difference to substitute and take the place of this contract, and that the terms of that contract have been lived up to, you will find for the defendants. If you find that the plaintiff has not lived up to the terms of the contract with the oral modifications, if any there be, then you are to find for the defendant."

To which the defendant objected and excepted.

According to our construction of the contract, as above set forth, there was no error in refusing to give the instruction requested by the defendant.

Defendant objected to the instruction given, because of the reference therein made to oral agreements entered into after the making of the written contract. It was the contention of defendant during the course of the trial that the increase in the wages allowed the plaintiff in excess of those provided by the contract was to be taken in lieu of the one hundred dollars, and that portion of the instruction in relation to the oral contract relates to such contention, so that the giving of the instruction could in no way prejudice the defendant. Defendant wholly failed to prove, however, that its intention to substitute the increase in wages for the one hundred dollars was at any time communicated to plaintiff or agreed to by him. The first that he learned of it was after he had been informed that his time had expired, when he made his demand for the one hundred dollars. Consequently, defendant abandoned in this court any defense to the action based upon such theory.

There being no error in the proceedings prejudicial to defendant's rights, the judgment will be affirmed. *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.